UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN TYRONE WILSON,

                                                    CRIMINAL CASE NO. 89-50025
                                    Petitioner,      CIVIL CASE NO. 04-40222

v.

                                                    HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,                            U.S. DISTRICT COURT

                                    Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Before the Court are Petitioner's motion for relief from judgment pursuant to Fed. R. Civ.

P. 60(b) [docket entry 694] and Petitioner's motion to amend his previous motion [docket entry

696]. Petitioner requests that this Court modify its July 15, 1997 ruling that Petitioner's 1997

motion to vacate was a second or successive § 2255 motion. For the reasons stated below, the Court

will deny Petitioner's motions.

On June 1, 1990, Petitioner Kevin Tyrone Wilson was convicted of conspiring to distribute

cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 16, 1991,

Petitioner was sentenced to 360 months incarceration to be followed by 5 years of supervised

release. The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence

on May 1, 1992.

On or about December 29, 1992, Petitioner mailed a *pro se* letter to this Court, requesting

that his federal sentence run concurrently with a five and one-half year sentence that he had

previously received in Michigan state court for possession of cocaine. The government, construing

Petitioner's letter as a § 2255 motion, responded and concurred with Petitioner's request. This Court also construed Petitioner's letter to be a § 2255 motion and granted the motion on May 14, 1993, ordering that Petitioner's federal sentence run concurrently with his Michigan state sentence.

On April 23, 1997, Petitioner filed a motion entitled "Motion to Vacate Conviction and/or Sentence Pursuant to 28 U.S.C. § 2255." The government argued in opposition that the 1997 motion to vacate was a second or successive motion, and that it must be dismissed because Petitioner had not obtained certification from the Court of Appeals for the Sixth Circuit, as required by 28 U.S.C. § 2255. Petitioner argued in response that his December 29, 1992 *pro se* letter to the Court was a not a § 2255 motion, and thus his 1997 motion to vacate was not a second or successive § 2255 motion. On July 15, 1997, this Court determined that Petitioner's 1992 letter was a first § 2255 motion, and consequently, that Petitioner's 1997 motion to vacate was a second or successive § 2255 motion. Accordingly, Petitioner's 1997 motion was transferred to the Court of Appeals for consideration. The Court of Appeals agreed with this Court that the 1997 motion to vacate was a second or successive § 2255 motion, and upon consideration, declined to certify the 1997 motion.

On August 11, 2004, Petitioner filed another "Motion to Vacate Sentence and Conviction Pursuant to 28 U.S.C. § 2255." Again, after determining that the motion to vacate was a second or successive § 2255 motion, this Court transferred the motion to the Court of Appeals for the necessary certification. In the motion, one of the three arguments made by Petitioner was that pursuant to the then recently decided case of *Castro v. United States*, 540 U.S. 375 (2003), a court cannot characterize a submission by a *pro se* litigant as a first § 2255 motion without first warning the petitioner. Therefore, Petitioner argued, this Court erred in construing the initial 1992 *pro se*

2

letter as a § 2255 motion.  When reviewing Petitioner's 2004 motion to vacate, the Court of Appeals

took note of Petitioner's *Castro* argument in its February 3, 2005 order:

> Here, Wilson again seeks leave to file a second or successive § 2255 motion
> asserting that: (1) his 1992 letter to the district court should not have been construed
> as a motion to vacate sentence filed under 28 U.S.C. § 2255; (2) his sentence should
> not have been enhanced for his relevant conduct or for his role in the offense; and (3)
> his counsel was ineffective in failing to encourage him to accept a plea bargain offer.

In this order, the Court of Appeals did not find merit in Petitioner's arguments and, like its

ruling on Petitioner's 1997 motion to vacate, ruled that Petitioner's 2004 motion to vacate was a

second or successive § 2255 motion and again declined to certify the motion.

On March 4, 2005, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ.

P. 60(b), which is now before the Court.  In his motion, Petitioner requests that this Court modify

its July 15, 1997 finding that Petitioner's 1997 motion to vacate was a second or successive § 2255

motion.  Petitioner argues that this Court erred in its ruling because the 1992 letter should not have

been characterized as a § 2255 motion and, therefore, his 1997 motion to vacate should have been

characterized as a first, not second or successive, § 2255 motion.  In support, Petitioner again cites

the 2003 *Castro v. United States* case.

Based on the previous February 3, 2005 order by the Court of Appeals, this Court is

compelled to deny Petitioner's 60(b) motion.  Petitioner's current 60(b) motion before the Court

makes the same argument based on the *Castro* case as Petitioner unsuccessfully advanced in his

August 2004 motion to vacate. When it considered the 2004 motion to vacate, the Court of Appeals

declined to follow Petitioner's *Castro* argument and declined to find that this Court erred in

construing the 1992 letter as a § 2255 motion.  Consequently, in light of the Court of Appeals ruling

3

issued on February 3, 2005, this Court still considers Petitioner's 1992 letter as his first § 2255 motion, and subsequently, this Court cannot grant Petitioner's current request for relief from judgment.

       **ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) [docket entry 694] is **DENIED**.

       **IT IS FURTHER ORDERED** that Petitioner's motion to amend his 60(b) motion [docket entry 696] is **DENIED AS MOOT**.

       **SO ORDERED.**

Dated:   June 14, 2006                          s/Paul V. Gadola
                                                HONORABLE PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 14, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark C. Jones , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Kevin T. Wilson   .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845